## BLOOM v. SIMMS.

1. Under the act of 1843 (11 *Stat.*, 256) a mortgage not recorded within sixty days was void as to subsequent purchasers for value without notice, and its record after the time allowed by that act could not give it a lien under the act of 1876 (16 *Stat.*, 92; *Gen. Stat.*, § 1776), as this act applies only to instruments of writing executed after January 1, 1877.

2. A mortgage executed December 18, 1865, and recorded March 17, 1866, is void as to a *bona fide* purchaser of the land for value in 1882.

Before PRESSLEY, J., Barnwell, November, 1885.

This was an action by Beda A. Bloom against W. Gilmore Simms, administrator of Joel McLemore, deceased, and John W. McLemore. The opinion states the case.

*Mr. James E. Davis*, for appellant.

*Mr. Laurie T. Izlar*, contra.

July 4, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, appellant, brought action to foreclose a mortgage executed by Joel McLemore to the appellant December 18, 1865, which was recorded on March 17, 1866. On December 6, 1882, Joel McLemore, since deceased, sold and conveyed the land covered by said mortgage to the defendant, John W. McLemore. The question below was whether the mortgage of the plaintiff not having been recorded within the prescribed time, although it was recorded before the defendant, John W. McLemore, bought the land, was

void as to said John W. under the act of 1843. His honor, Judge Pressley, who heard the case, ruled that the recording being more than sixty days after its date, it could not affect the rights of John W., unless he had actual notice of the existence of said mortgage before he purchased, or of facts sufficient to put him on inquiry. "And he ordered the case be recommitted to the master to report whether J. W. McLemore had any actual notice of said mortgage, or of any facts sufficient to put him on inquiry."

The plaintiff appealed upon the grounds: First. That as the mortgage was duly recorded at the time the conveyance was made to the defendant, J. W. McLemore, he received the land subject to the incumbrance of the mortgage, and the order of his honor holding otherwise was erroneous. Second. That the defendant, J. W. McLemore, not having purchased the land until after the act of 1843 had been amended, the said record of said mortgage was notice to all the world after the passage of said amendment. Third. Because the court erred in ruling that the recording of the said mortgage "was not notice under the act of 1843, whereas his honor should have held that, even admitting such to be the case, it was notice at the date of defendant's purchase under the law at that time and now, and the ruling of the master on that point should have been sustained."

There can be no doubt that but for the act of 1876, amending the act of 1843, so as to allow mortgages to be recorded after the sixty days, and declaring that they should take effect from the date of the record, the question here could hardly have been raised, as the act of 1843 expressly declared that such papers not recorded within the prescribed time were absolutely void as to subsequent purchasers and creditors without notice. The question, then, to be considered is, did the act of 1876 legalize the record of this mortgage and give it lien from the date of said record as to purchasers subsequent to that date. It must be remembered that the mortgage was recorded before the passage of the act of 1876. It was recorded in 1866, ten years before the act of 1876. At the time of this recording, therefore, the mortgagee had no legal right to have it recorded. This right had been lost by his delay, and the recording had no effect what-

ever, so far as subsequent purchasers and creditors were involved. True, it might possibly have been the means of giving actual notice of its existence to such persons as may have seen the record, if any, but it could not operate as constructive notice to such as had not seen said record, as it would have done had it been recorded within the prescribed time under the act of 1843.

Suppose the mortgagee had held the mortgage unrecorded until the passage of the act of 1876, and had then recorded it, would it have taken precedence of the purchase by the defendant, J. W. McLemore, in 1882? We think not, for the reason that the act of 1876 restricts its operation in terms to deeds, &c., executed and delivered after the first day of January, 1877. There is certainly no express retrospective influence given to that act, and in the face of an express limitation to such papers as may be executed and delivered after the 1st day of January, 1877, the court would be wholly unwarranted to give it an implied retroactive operation, affecting mortgages executed long before that date. *McNamee* v. *Huckabee*, 20 *S. C.*, 199. Much less in our opinion could it be construed to legalize a record made before its passage, as this was. The necessity to have these papers recorded is statutory, as well as the effect of such recording, and the statute must be complied with, or the record will be wholly unavailing.

The case of *King* v. *Fraser* (23 *S. C.*, 548), has no application here. That was decided after the act of 1876, and adjudicated the effect of recording a paper belonging to the class provided for in said act. We think the Circuit Judge was not in error in his ruling.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.